872 F.2d 483
 277 U.S.App.D.C. 48, 25 Soc.Sec.Rep.Ser. 289,
Medicare&Medicaid Gu 37,814
 BEVERLY HOSPITAL, et al., Appellants
v.
Otis R. BOWEN, Secretary of Health and Human Services.
TENNESSEE HOSPITAL ASSOCIATION, Appellant
v.
Otis R. BOWEN, Secretary of Health and Human Services.
CIRCLE CITY HOSPITAL, et al., Appellants
v.
Otis R. BOWEN, Secretary of Health and Human Services.
CASTLE MEDICAL CENTER, et al., Appellants
v.
Otis R. BOWEN, Secretary of Health and Human Services.
 Nos. 80-5011, 88-5013, 88-5014 and 88-5017.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued March 23, 1989.
Decided April 14, 1989.
 
 Appeals from the United States District Court for the District of Columbia (Civil Action Nos. 86-3079, 86-3539, 86-3540 and 87-0117).
 Margaret M. Manning, with whom Robert A. Klein, Los Angeles, Cal., was on the brief, for appellants in Nos. 88-5011, 88-5013, 88-5014 and 88-5017.
 Stuart I. Silverman, Atty., Dept. of Health and Human Services, with whom John R. Bolton, Asst. Atty. Gen., Jay B. Stephens, U.S. Atty., Washington, D.C., Malcolm M.B. Stewart, General Counsel, Darrel J. Grinstead, Acting Associate General Counsel, Henry R. Goldberg, Deputy Associate General Counsel and Susanne M. Lee, Atty., Dept. of Health and Human Services, Washington, D.C., were on the brief, for appellees in Nos. 88-5011, 88-5013, 88-5014 and 88-5017.
 Before EDWARDS and RUTH BADER GINSBURG,* Circuit Judges, and KAUFMAN,** Senior Judge, of the United States District Court for the District of Maryland.
 Opinion for the Court filed PER CURIAM.
 
 PER CURIAM:
 
 1
 Several hospitals and associations of providers of health services instituted these consolidated actions challenging as unlawful a Medicare regulation, 42 C.F.R. Sec. 466.78(b)(2) (1987), that required hospitals to provide at their own expense photocopies of medical records to peer review organizations. The District Court, ruling on plaintiffs' motion for summary judgment, declared the challenged Health Care Financing Administration (HCFA) regulation contrary to the terms of the governing statute, 42 U.S.C. Sec. 1395cc(a)(1)(F) (1986), and therefore "null and void ab initio." That court, however, declined to consider redress for the period in which the agency imposed the unlawful regulation on hospitals participating in the program. It said that relief for the past, along with prospective change, "should await the outcome of rulemaking and any application by an aggrieved person for review of the regulation produced by that process." Beverly Hospital v. Bowen, No. 86-3079, slip op. at 6, 1987 WL 19217 (D.D.C. Oct. 20, 1987).
 
 
 2
 Plaintiffs appeal from the denial of their prayer for an order directing their reimbursement, in accordance with the governing statute, for costs the Secretary unlawfully required them to bear. We hold that the District Court disassociated itself from this case too soon, and we therefore remand with instructions. Consistent with its declaration that HCFA's regulation was void ab initio, the District Court must retain the case until it is satisfied that, with respect to photocopying costs, the hospitals are accorded the treatment they would have received had the agency initially regulated in accordance with, and not contrary to, the terms of 42 U.S.C. Sec. 1395cc(a)(1)(F).
 
 I. BACKGROUND
 
 3
 Until 1982, the Medicare statute required participating hospitals to undergo "peer review" pursuant to a professional standards review organization (PSRO) system. Whether delegated to the hospitals themselves or performed by PSRO staff, most reviews were conducted at the hospital facility using original records rather than photocopies.
 
 
 4
 In 1982, Congress phased out the PSRO system and replaced it with a more rigorous one based on contracts between hospitals and "utilization and quality control peer review organizations" (PROs). To remain in the Medicare program, hospitals had to enter into qualifying agreements with PROs by November 15, 1984. Of pivotal importance to this case, Congress mandated that
 
 
 5
 the cost of [the PRO] agreement to the hospital shall be considered a cost incurred by such hospital in providing inpatient services under Part A ... and ... shall be paid directly by the Secretary to such [PRO] on behalf of such hospital in accordance with a rate per review established by the Secretary....
 
 
 6
 42 U.S.C. Sec. 1395cc(a)(1)(F) (1986) (emphasis supplied).
 
 
 7
 Regulations implementing the PRO regime proposed in July 1984 and published as a final rule in April 1985 prohibited PROs from delegating key review functions to providers. 42 C.F.R. Sec. 462.105(c). Thus, PROs themselves conduct almost all the critical peer review work. Because much of this PRO work is done offsite, rather than at the hospital facility as under the PSRO system, the hospitals have incurred large photocopying expenses.
 
 
 8
 In time for the November 15, 1984 PRO-hospital contract deadline date, HCFA issued an instruction to all peer review organizations, PRO Program Directive No. 2, effective on receipt. This Directive required PROs to include in all agreements with hospitals, the specification that
 
 
 9
 [i]n the case of review away from the [hospital] facility, all required information must be photocopied and delivered, without cost, to the PRO within 30 days of the PRO's request.
 
 
 10
 PRO Program Directive No. 2, PRO Agreements with Hospitals, date-stamped August 6, 1984, item III. (2) (emphasis supplied). Thus, to retain their Medicare certification, hospitals had no choice but to agree that they would furnish to PROs, cost-free, copies of patient care and other pertinent data.
 
 
 11
 Eventually, on April 17, 1985, the final rule implementing the PRO system issued; on photocopying costs, the final rule reiterated:
 
 
 12
 When review is performed away from the facility, the facility must photocopy and deliver to the PRO, without charge, all required information within 30 days of a request.
 
 
 13
 42 C.F.R. Sec. 466.78(b)(2) (1987) (emphasis supplied).
 
 
 14
 II. THE PROCEEDINGS BEFORE THE DISTRICT COURT
 
 
 15
 Plaintiffs commenced this litigation to claim what they maintain Congress stipulated, i.e., that the cost of a PRO agreement to the hospital "be paid directly by the Secretary to [the PRO] on [the hospital's] behalf[.]" 42 U.S.C. Sec. 1395cc(a)(1)(F). They sought (1) a declaration that the PRO directive and matching HCFA regulation requiring hospitals (rather than the Secretary) to cover peer review photocopying costs contravened the statute, (2) an injunction against further application of the prescription, and (3) reimbursement by the Secretary of the hospitals' photocopying costs incurred thus far due to their compliance with the Secretary's prescription to furnish the copies "without charge."
 
 
 16
 Following the lead of the chief judge of a sister court in Burlington Memorial Hospital v. Bowen, 644 F.Supp. 1020 (W.D.Wis.1986), our District Court declared the photocopying regulation invalid. The trial judge observed that the statute, 42 U.S.C. Sec. 1395cc(a)(1)(F), instructed the Secretary directly to pay to the peer review organization the costs of the peer review agreement incurred by hospitals. The regulatory requirement that hospitals absorb the full cost of photocopying medical records necessary for peer review, the court held, conflicted with the statute's instruction and so was "void ab initio." This declaratory relief portion of the District Court's decision is unchallenged.
 
 III. THE ISSUE BEFORE THIS COURT
 
 17
 The Secretary initially filed notices of appeal in each of the four consolidated cases, but later withdrew his appeals, leaving for our review only the cross-appeals filed by plaintiffs. Prospective relief is not currently in controversy. A rulemaking is now in progress to fill the void left by the invalidation, ab initio, of 42 C.F.R. Sec. 466.78(b)(2). That rulemaking is in its final stage (May 15, 1988 was the closing date for comment). At oral argument, counsel for plaintiffs conceded that the rulemaking is a proper way to establish prospectively a regulation compatible with 42 U.S.C. Sec. 1395cc(a)(1)(F). Notably, the proposed rule projects: "We would provide that HCFA will furnish PROs with funds to be used by PROs to pay hospitals under the prospective payment system directly for photocopying and mailing records for offsite review." 53 Fed.Reg. 8654, 8657 (Mar. 16, 1988).
 
 
 18
 IV. PLAINTIFFS' ENTITLEMENT TO RETROSPECTIVE RELIEF
 
 
 19
 The dispute thus reduces to the matter of retrospective relief. Plaintiffs urge that the regulatory void cannot be filled retroactively by the current rulemaking, and that the District Court thus erred in not retaining this branch of the case. The Supreme Court indeed has affirmed that agencies generally may not promulgate retroactive rules unless Congress has conveyed such authority to the agency in express terms. Bowen v. Georgetown University Hospital, --- U.S. ----, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988), affirming 821 F.2d 750 (D.C.Cir.1987). The Secretary does not here claim that Congress has conferred such extraordinary authority upon his Department in the matter at hand. The Supreme Court, in Georgetown University Hospital, did recognize room for an agency's "retroactive corrective adjustments," but the Court rejected judicial deference to "nothing more than an agency's convenient litigating position." 109 S.Ct. at 474. An "adjustment," to be "corrective," must fairly reflect what courts have held as a matter of law--here, that the statute, 42 U.S.C. Sec. 1395cc(a)(1)(F), entitles the hospitals to reimbursement for PRO agreement costs they incur.
 
 
 20
 The parties may proffer proposals on retroactive relief, but final judgment on the question rests with the court, which must make certain that the agency does not accomplish by indirection what the court's invalidation ab initio decree holds the agency cannot do directly. Cf. Addison v. Holly Hill Fruit Products, Inc., 322 U.S. 607, 624, 64 S.Ct. 1215, 1224, 88 L.Ed. 1488 (1944) (Roberts, J., concurring). In this regard, we note with concern that the proposed rule on which the agency sought comment has an effective date of April 1, 1987, see 53 Fed.Reg. at 8660, and apparently would allow the invalidated rule, 42 C.F.R. Sec. 466.78(b)(2), to govern from its grave until that date, although judicially declared null from its first publication as a PRO Directive in 1984. Should any hospital choose to assert entitlement to photocopying costs for periods prior to the April 1987 effective date, the hospital must do so, the agency has proposed, on the hospital's cost report form, and proceed from fiscal intermediary to Provider Reimbursement Review Board (PRRB). See id. The proposed regulation does not explain how an application to the fiscal intermediary in 1989 for costs incurred in 1984, 1985, and 1986 would be timely. Nor does it say what substantive regulation there would be for the intermediary or PRRB to apply, given the decree voiding 42 C.F.R. Sec. 466.78(b)(2).
 
 
 21
 On brief and at oral argument, the Secretary maintained that the fiscal intermediary to PRRB route for cost recovery is statutorily prescribed, and that Congress, in 42 U.S.C. Sec. 1395oo (1986), has made that route the exclusive avenue of relief. The 42 U.S.C. Sec. 1395oo route is indeed exclusive when it is genuinely available to provide redress; when that is not the case, however, parties may invoke general federal question jurisdiction, 28 U.S.C. Sec. 1331 (1982), as was done in this case and in Burlington Memorial Hospital. See National Ass'n of Home Health Agencies v. Schweiker, 690 F.2d 932, 936-41 (D.C.Cir.1982), cert. denied, 459 U.S. 1205, 103 S.Ct. 1193, 75 L.Ed.2d 438 (1983); College of Am. Pathologists v. Heckler, 734 F.2d 859, 862-63 (D.C.Cir.1984).
 
 
 22
 We cannot fathom the sense of the Secretary's position on this point. The Secretary twice told the hospitals, first in PRO Program Directive No. 2, then in 42 C.F.R. Sec. 466.78(b)(2), to photocopy "without cost." Thus, under the Secretary's own pronouncements, photocopying for peer reviews was not a proper charge; the item had no place on a cost report, and to put it there would have blatantly defied the Secretary's instruction. Furthermore, now that the Secretary has considered how to handle the photocopying costs prospectively, he has not designated the fiscal intermediary to PRRB route. Rather, he has proposed that HCFA furnish PROs with funds to cover the hospitals' photocopying and that the PROs, in turn, pay the hospitals. 53 Fed.Reg. at 8657.
 
 
 23
 In sum, the Secretary closed off the fiscal intermediary to PRRB route at the start by ruling the photocopying costs in question unreimbursable. Then, in projecting reimbursement for those costs in response to a court decree, the Secretary left that route closed and specified PROs, not fiscal intermediary or PRRB, as the proper, statutorily indicated administrator of reimbursement. Yet, the Secretary would send those who seek retroactive relief to intermediary and PRRB, with no stated law for either to apply--i.e., no timeframe and procedure specifications for this unprecedented situation, and no regulation still vital under which they could act. Bureaucratic ordering of this sort should not go unchecked by a reviewing court.
 
 
 24
 In expressing our concern about the fullness of the Secretary's acceptance of the decree holding 42 C.F.R. Sec. 466.78(b)(2) void ab initio, we do not overlook an issue on which there appears to be genuine dispute. The hospitals date their large photocopying costs from November 1984. The Secretary asserts that offsite review was limited in the early stages of the PRO system and that there was no greater use of photocopying warranting reimbursement before April 1, 1987. See 53 Fed.Reg. at 8660. This presents a fact question for the District Court to resolve.
 
 
 25
 We remand this case to the District Court with instructions to assure that the agency affords the hospitals a fair opportunity to recover photocopying costs they were made to pay due to the Secretary's unlawful regulation. The proposed rule that has been suggested by the agency to govern requests for retroactive relief is wholly unacceptable because it is largely premised on a position found to be unlawful. The task for the agency is conscientiously to remold the situation to approximate fairly what it should have been initially, and thereby to avoid positions "hardly worthy of our great government." See Brandt v. Hickel, 427 F.2d 53, 57 (9th Cir.1970). We reject the Secretary's plea of sovereign immunity. Plaintiffs are not impeded by sovereign immunity for they seek only funds to which they are entitled under a statute. See Bowen v. Massachusetts, --- U.S. ----, 108 S.Ct. 2722, 2731-36, 101 L.Ed.2d 749 (1988). The responsibility of the District Court is to assure full respect for the statutory direction in 42 U.S.C. Sec. 1395cc(a)(1)(F), and for its own decree voiding 42 C.F.R. Sec. 466.78(b)(2) ab initio.
 
 V. CONCLUSION
 
 26
 The District Court erred in refusing to consider plaintiffs' plea for retrospective relief once the Secretary's regulation was declared null and void ab initio as contrary to law. The trial court must assure that the agency affords the hospitals a fair opportunity to recover photocopying costs they were made to pay due to the Secretary's unlawful regulation. We therefore remand the case with directions to proceed to a final determination consistent with this opinion.
 
 
 27
 It is so ordered.
 
 
 
 *
 Circuit Judge Ruth B. Ginsburg was a member of the panel at the time this case was argued but found it necessary to recuse herself from the case and did not participate in this opinion
 
 
 **
 Sitting by designation pursuant to 28 U.S.C. Sec. 294(d)