**MEMORIAL HOSPITAL, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Defendant.**

**Civ. A. No. 91-727 (CRR).**

United States District Court,
District of Columbia.

Dec. 9, 1991.

---

Margaret Mary Manning of Weissburg and Aronson, Inc., Los Angeles, Cal., for plaintiff.

Kathleen Scully–Hayes of Dept. of Health and Human Services, with whom were Charles Bailey of Dept. of Health and Human Services, Jay B. Stephens, U.S. Atty., and John D. Bates, Asst. U.S. Atty., D.D.C., on the brief, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

CHARLES R. RICHEY, District Judge.

The Court entertained oral argument in the above-captioned case on November 25, 1991 on the single issue left unresolved in this Court's Opinion of October 10, 1991: whether this Court has jurisdiction under 28 U.S.C. 1331 or 28 U.S.C. 1361 to review the fiscal intermediary's decision not to reopen the hospital's cost reports for the 1983, 1984 and 1985 fiscal years.[1] *See Memorial Hospital v. Sullivan,* Civ. 91–727, 779 F.Supp. 1406, (D.D.C. Oct. 10, 1991) (hereinafter "Opinion"). Upon consideration of the parties' cross Motions for Summary Judgment, the contentions of the counsel at the oral argument, the record herein, and the applicable law, the Court shall grant the Plaintiff's Motion for Summary Judgment, remand the above-captioned case to the fiscal intermediary and dismiss the above-captioned case from the dockets of this Court.

In a prior Opinion of October 10, 1991, this Court granted the Defendant HHS' Motion to Dismiss with respect to Counts I and II of the Complaint.[2] The Court found

---

1. Pursuant to Fed.R.Civ.P. 59(e), Plaintiff also requested the Court to amend its prior Opinion of October 10, 1991. The Court denies this Motion outright. The Court does not find any material error in its prior Opinion and Plaintiff makes no new arguments justifying amendment of the judgment previously rendered.

2. Count I of the Complaint alleges that the Provider Reimbursement Review Board (PRRB) had jurisdiction, pursuant to 42 U.S.C. § 139500(a) to entertain an appeal of the fiscal

that the PRRB correctly determined that it had no jurisdiction to review an appeal of the fiscal intermediary's decision not to reopen. *See* Opinion, 778 F.Supp. at 1408–1409. The Court postponed consideration of Plaintiff's claim on Count III.[3] because the administrative record was incomplete. The Court now considers the parties' cross motions for summary judgment upon production of the full administrative record and further briefing by the parties.

The Plaintiff relies upon the presumption that Congress intends judicial review of agency action. *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986). Specifically, Plaintiff contends that the Court may employ its federal question and mandamus powers when the Medicare statute does not genuinely provide redress. *Beverly Hospital v. Bowen*, 872 F.2d 483, 486 (D.C.Cir.1989). Plaintiff emphasizes that, in seeking to reopen its cost reports, it followed the path which the Secretary recommended in its published decisions on the issue. As in the *Beverly Hospital* scenario, Plaintiff claims that the Court's residual powers are necessary here to prevent the agency from closing off judicial review.

The Secretary argues that there is no federal question or mandamus jurisdiction to review the intermediary's decision not to reopen. *See Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *ICC v. Locomotive Engineers*, 482 U.S. 270, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987); *Friends of Sierra Railroad v. ICC*, 881 F.2d 663 (9th Cir.1989). According to the Secretary, the provider here could have appealed to the PRRB within the 180 day period after the fiscal intermediary made its initial determination on the cost reports in question. Because the provider opted not to preserve

the issue for judicial review, the Court should not make available the reopening procedure as a back door method to raise such issues. The Secretary fears that such a holding would destroy the finality of decisions.

■■■ Upon careful review, the Court finds that, pursuant to 28 U.S.C. §§ 1331 and 1361, it does have jurisdiction to review the intermediary's refusal to reopen. It is critical to note that, in using the reopening procedure and in not appealing to the PRRB those costs which were self-disallowed, the Plaintiff followed the route prescribed by the Secretary. Defendants cannot plausibly argue that Plaintiff should be penalized for not preserving an appeal at the PRRB, when the Secretary directed those in Plaintiff's position *not* to appeal to the PRRB, but instead to file for reopening of the cost reports to include self-disallowed data. *See* HFCA Admin. Decision, PRRB Case No. 83–602 (Jan. 2, 1986). As the Court held in *Beverly Hospital v. Bowen, supra,* 872 F.2d at 486–487, the Secretary cannot relegate providers to a dead-end procedure under the Medicare statute, and then argue that the provider loses because the Medicare statute is the exclusive means of redress. When such bureaucratic red tape strangles a provider's right to judicial review, the Court may invoke its federal question jurisdiction and mandamus power.[4]

■■■ Based upon the record herein, the Court also finds that the fiscal intermediary acted arbitrarily, capriciously and in an abuse of discretion in denying the Plaintiff's reopening request. The HHS regulations provide for reopening in the event that "new and material evidence has been

---

intermediary's decision not to reopen. Count II alleges that the PRRB's dismissal of the Plaintiff's appeal of the fiscal intermediary's decision was arbitrary, capricious and an abuse of discretion. *See* Complaint at ¶¶ 21–23.

3. Count III of the Complaint alleges that, pursuant to 28 U.S.C. §§ 1331 and 1361, the Court has jurisdiction to review the fiscal intermediary's decision not to reopen, and to direct reopening of the cost reports at issue. *See* Complaint at ¶ 24.

4. The Secretary's fear of destroying the finality of decisions is not present here. Under 42 C.F.R. § 405.1885(a), a provider must reopen its cost reports within three (3) years of the decision in question. The provider here meets this three year limitation, and there is no fear that the decision in Bethesda will spawn a plethora of such requests.

submitted" or "the determination is found to be inconsistent with the law, regulations and rulings." *See* Medicare Provider Reimbursement Manual, HIM–15 at §§ 2930–2931. Clearly, the Plaintiff provided the intermediary with new evidence, *i.e.,* new costs for which reimbursement was due, not previously before the intermediary in the prior record. Moreover, due to the intervening decisions of the Court of Appeals for this Circuit and the Secretary,[5] the prior reimbursement formula was inconsistent with governing law as of the time the Plaintiff's filed its petition to reopen. Thus, Plaintiff presented the intermediary with valid bases upon which to reopen the cost reports.

 Had the intermediary made a determination that there was no new evidence or that the intermediary's prior decision was somehow consistent with law, then there might be a basis upon which this Court could uphold the intermediary's decision. However, in this case, the intermediary did not even attempt to make a fact-based determination as to the propriety of reopening the Plaintiff's cost reports. Instead, the intermediary merely stated that the record was not reopened because the Plaintiff had self-disallowed these costs in its prior report. *See* Administrative Record of May 24, 1991 at 7. The intermediary's rationale is a non sequitur, at best, for it ignores that the reopening regulations themselves and intervening decisions of the courts and the Secretary enable the Plaintiff to "revoke" his prior "self-disallowed" cost report and to seek reimbursement on the basis of the new formula. Given that the Supreme Court invalidated "self-disallowance" as a bar to appeal in *Beverly Hospital v. Bowen, supra,* the intermediary certainly cannot invoke the self-disallowance policy to deny reopening requests.

For all these reasons, it is, by this Court, this 9th day of December, 1991,

ORDERED that the Plaintiff's Motion for Summary Judgment with respect to Count III of the Complaint shall be, and hereby is, GRANTED; and the Defendant's Motion for Summary Judgment with respect to Count III of the Complaint shall be, and hereby is, DENIED; and it is

FURTHER ORDERED that the above-captioned case shall be, and hereby is, REMANDED to the fiscal intermediary; and it is

FURTHER ORDERED that the intermediary shall reopen the cost reports at issue, and shall make a determination as to the Plaintiff's reimbursement for those cost report periods; and it is

FURTHER ORDERED that the above-captioned case shall be, and hereby is, DISMISSED from the dockets of this Court.

---

5. *See Stormont–Vail Regional Medical Center v. Bowen,* 645 F.Supp. 1182, 1187 (D.D.C.1986); HFCA Ruling 87–3, 42 Fed.Reg. 13873 (April 27, 1987).