RUTLAND REGIONAL MEDICAL
CENTER, Plaintiff,

v.

Louis SULLIVAN, M.D., as Secretary of
the United States Department of Health
and Human Services, Defendant.

Civ. No. 91–177.

United States District Court,
D. Vermont.

March 2, 1993.

Thomas M. Dowling, Ryan, Smith and Carbine, Ltd., Rutland, VT and Mitchell H. Kaplan, and Michael G. Jones, Choate, Hall and Stewart, Boston, MA, for plaintiff.

Christopher B. Baril, Asst. U.S. Atty., D. Vt., Rutland, VT and Melissa A.D. Ranaldo, Asst. U.S. Atty., D. Vt., Burlington, VT, for defendant.

## ORDER

BILLINGS, District Judge.

On January 15, 1993, Magistrate Judge Jerome J. Niedermeier issued a Report and Recommendation. On January 28, 1993, plaintiff Rutland Regional Medical Center ("Rutland") filed objections to the Report. Defendant Louis W. Sullivan, M.D. ("Secretary") responded on February 4, 1993.

After *de novo* review of the matter and in light of the decision in *Albert Einstein Medical Center v. Sullivan,* 830 F.Supp. 846 (E.D.Pa.1992), the Court hereby adopts the Magistrate's Report and Recommendation *in toto.* Rutland's motion for summary judgment is hereby DENIED, the Secretary's motion for summary judgment is hereby GRANTED and the case is DISMISSED.

SO ORDERED.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

NIEDERMEIER, United States Magistrate Judge.

Plaintiff, Rutland Regional Medical Center, ("Rutland" or the "Hospital) brings this action against the Defendant, the Secretary of Health and Human Services ("Secretary"), pursuant to 42 U.S.C. § 1395*oo* (a), to request that the court order the Provider Reimbursement Review Board (the "PRRB" or "Board") to accept jurisdiction over Rutland's challenge to the reimbursement amount Rutland received for Medicare services relating to inpatient days for the 1981 fiscal year. The Secretary contends that the court should affirm the decision of the PRRB that it lacks jurisdiction to consider Rutland's claim. Rutland and the Secretary have both moved for summary judgment. I recommend the Secretary's motion for summary judgment be granted and the case dismissed.

### BACKGROUND

*Statutory and Regulatory Scheme*

The Medicare reimbursement process is well-delineated. After each fiscal year, a provider such as Rutland prepares a cost report for Medicare services furnished during the year and requests reimbursement. 42 C.F.R. § 405.1801(b). The report and reimbursement request are submitted to a fiscal intermediary ("intermediary") who acts as the Secretary's agent. 42 U.S.C. § 1395h. The intermediary is usually an insurance company—in this case, Blue Cross. The intermediary reviews the cost report and issues a Notice of Program Reimbursement ("NPR") which calculates the total reimbursement due the provider for that fiscal year. The NPR also details individually the expenses allowed and disallowed. 42 C.F.R. § 405.1803.

The regulatory process permits a provider to appeal the NPR if dissatisfied. The provider may request a hearing before the PRRB within 180 days of the issuance of the

NPR. 42 U.S.C. § 1395oo (a). The PRRB has the authority to affirm, modify, or reverse the determinations of the intermediary. 42 U.S.C. § 1395oo (d). Thereafter, the Secretary, on his own or at the request of the provider, may review the decision of the PRRB within 60 days. 42 U.S.C. § 1395oo (f)(1). The provider may then seek judicial review of the Secretary's final decision within 60 days of its issuance, regardless of whether the decision came from the Secretary or the PRRB. 42 U.S.C. § 1395oo (f).

The Secretary's regulations also contain provisions for reopening the NPR after the appeals process has been completed. An NPR "may be reopened with respect to findings on matters at issue in such determination or decision" on motion of the provider, the intermediary, the PRRB or the Secretary. The request for reopening must be made within three years from the date of the last decision or determination. *See* 42 C.F.R. § 405.1885(a). The entity which rendered the last determination or decision has the jurisdiction to determine whether to reopen its decision. 42 C.F.R. § 405.1885(c). In Rutland's case, the intermediary rendered the last decision. A revision made after reopening is a "separate and distinct determination or decision." 42 C.F.R. § 404.1889.

*Facts*

The material facts in this case are not disputed. On January 29, 1982, Rutland filed a timely cost report with the intermediary for Medicare reimbursement for fiscal year 1981. On September 30, 1982, the intermediary issued its initial NPR for that fiscal year. Rutland did not appeal that NPR within 180 days. 42 U.S.C. § 1395oo. On August 24, 1983, the intermediary notified Rutland that under 42 C.F.R. § 405.1885 it was reopening the 1981 NPR to correct an understatement of Rutland's accrued costs for compensated employee absences—an issue unrelated to the current claim. That section permits the NPR to be reopened within three years of the initial NPR. The intermediary then issued a Notice of Correction on September 22, 1983 ("Revised NPR"). The Revised NPR adjusted only reimbursement for compensated employee absences—the issue for which the intermediary reopened the NPR—advis-

ing Rutland that it could appeal "adjustments made as a result of this reopening." No appeal was taken.

The intermediary notified Rutland on September 3, 1986 that it once again was reopening the 1981 NPR (and reopening its determination of reimbursement on Rutland's cost reports for the subsequent two years) to adjust the apportionment of costs for malpractice insurance premiums to bring them into accord with new regulations included at 42 C.F.R. § 413.56. Again, the reason for reopening was unrelated to the current claim.

After Rutland received the second reopening notice but before the intermediary had issued a second revised NPR, Rutland discovered a mistake in its 1981 cost report, finding that it had wrongly included inpatient Intensive Care Unit days in its total number of general service inpatient days on 1981 cost report, and that it also misreported them on its cost report. This meant Rutland had included the figures for this category in its original cost report but had made a "double counting" error by including these numbers in another category. In the initial NPR the intermediary did not make an adjustment to the number of inpatient days. This mistake had not been the subject of a previous appeal by Rutland from either the initial or first revised NPR. This reporting error reduced Rutland's reimbursement for fiscal year 1981 by $219,496.

On February 9, 1989, while the 1981 cost report was open pursuant to the September 3, 1986 Notice of Reopening to correct the malpractice premium issue, Rutland asked the intermediary to correct the inpatient days error. On February 23, 1989, the intermediary refused Rutland's request to reopen, indicating that the request was untimely and that the NPR was open for the limited purpose of adjusting the apportionment of malpractice insurance premiums. In response to a February 28, 1989 letter from Rutland, the intermediary stated on March 9, 1989 that because Rutland had requested reopening more than three years after the date of the initial NPR, reopening was precluded pursuant to 42 C.F.R. § 405.1885. On September 29, 1989 the intermediary issued a third de-

termination of the total amount due the Hospital for fiscal year 1981. ("Final Revised NPR"). The Final Revised NPR did not correct the inpatient days and thus did not reimburse Rutland the corresponding amount of $219,496. The Final Revised NPR addressed only the malpractice insurance costs, the purpose for which the NPR was reopened. The intermediary therefore determined not to reopen the cost report to correct the inpatient days error.

Within 180 days of the issuance of the final revised NPR Rutland requested a hearing before the PRRB to review the intermediary's decision. Rutland argued that it was entitled to appeal the "Final Revised NPR" because it was in fact the "Final NPR", subject to appeal within the statutory 180 day period. 42 U.S.C. § 1395oo (a)(3). The PRRB acknowledged Rutland's request and did not dispute that the inpatient days error had been made. However, on May 7, 1991 the PRRB decided it had no jurisdiction to hear the appeal. The PRRB said its decision was based on 42 C.F.R. § 405.1885(c), which provides that jurisdiction to reopen a NPR lies with the administrative body which made the final determination [1]—in this case, the intermediary—and concluded that it lacked the authority to review the intermediary's decision not to reopen the NPR to correct the inpatient days error. The PRRB stated in pertinent part:

> In this case, the Provider filed a request for a hearing on the inpatient days issue more than 180 days after the original NPR but within 180 days of the revised NPR. No adjustment was made on the revised NPR for the inpatient days issue. The effect of a revised NPR on the Provider's right to a Board hearing is addressed in 42 C.F.R. § 405.1889. This regulation provides that "such revision shall be considered a separate and distinct determination" for purposes of appeal. Neither a notice of reopening nor a revised NPR reopens the entire cost report to appeal. It merely reopens those matters adjusted by the notice of reopening or the revised

NPR. Similarly, a revised NPR does not extend the appeal period for the cost report, rather only those issues revised on the reopening may be appealed. Therefore, since no adjustment was made for the inpatient days issue on the revised NPR, the Board finds that it does not have jurisdiction over this issue.

The Secretary did not move to reverse, affirm or modify the PRRB's decision. On July 8, 1991, Rutland filed this present action seeking to require the PRRB to accept jurisdiction over this matter. Rutland contends that the decision of the PRRB is erroneous, improper and contrary to the statutes and regulations of the Medicare program. Since the facts are not in dispute, the parties have filed cross motions for summary judgment along with the administrative record.

## DISCUSSION
*Standard of Review*

Judicial review of a decision of the PRRB is conducted according to the Administrative Procedure Act, 5 U.S.C. § 702 *et seq.*, based upon the administrative record. 42 U.S.C. § 1395oo (f)(1). Given that the facts are not disputed, the issue is whether the decision of the PRRB that it lacked jurisdiction to review the determination of the intermediary not to reopen was "arbitrary, capricious, and abuse discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

Rutland claims that pursuant to 42 U.S.C. § 1395oo (a) it is entitled to a correction of its cost report, and therefore entitled to further reimbursement, as long as the cost report is reopened for any purpose by any party. The Secretary asserts that the regulations only provide for issue-specific reopening of a cost report and only by the body which initially made the determination, so this court has no jurisdiction to order the Board to review the intermediary's decision not to reopen. Rutland responds that it is not asking for a "reopening" as it is defined in the regulations. Rather, it argues that once the cost report is reopened for one matter, it should be open for any matter in

1. 42 C.F.R. § 405.1885(c) reads:
 Jurisdiction for reopening a determination or decision rests exclusively with that administra-
 tive body that rendered the last determination or decision.

the original cost report. When the final revised NPR is issued after reopening, Rutland contends, the Hospital has the right pursuant to 42 U.S.C. § 1395oo (a), to appeal the decision, including the decision not to reopen the inpatient days error.

### Jurisdiction of the PRRB

The issue presented for review is "whether the reopening and/revision of an NPR by a fiscal intermediary renews the provider's right to appeal the entire NPR to the PRRB, or whether the provider may only appeal those portions of the NPR which were examined or changed during the reopening or revision." *Albert Einstein Medical Center v. Sullivan,* 830 F.Supp. 846 at 848 (E.D.Pa. 1992).

Rutland relies on the "plain language" of 42 U.S.C. § 1395oo (a) which provides for a hearing before the PRRB after the filing of a timely cost report if:

(1) such provider—

(A)(i) is dissatisfied with a final determination of the organization serving as its fiscal intermediary pursuant to section 1395h of this title as to the amount of total program reimbursement due the provider for the items and services furnished to individuals for which payment may be made under this subchapter for the period covered by such report, ...

(2) the amount in controversy is $10,000 or more and

(3) such provider files a request for a hearing within 180 days after notice of the intermediary's final determination under paragraph (1)(A)(i). ...

42 U.S.C. § 1395oo (a). The provider may appeal any part of the NPR. Rutland contends that the final revised NPR issued by the fiscal intermediary on September 29, 1989 after reopening was a final determination of total program reimbursement under § 1395oo (a), giving the PRRB jurisdiction to hear Rutland's timely appeal.

On the other hand, the Secretary distinguishes the appeal procedure of § 1395oo (a) from the reopening regulations at 42 C.F.R. § 405.1885(a). The Secretary argues that when Rutland failed to appeal the inpatient days error within 180 days of the initial NPR

issued on September 30, 1982, its appeal rights were lost on that issue. When the intermediary reopened the cost report on September 3, 1986 to revise the malpractice insurance premiums pursuant to § 405.-1885(a), the Secretary continues, the cost report was open only on that issue and not for any other issue Rutland wished to bring to its attention. § 405.1885(a) speaks of the reopening of a determination of the fiscal intermediary "with respect to findings on matters at issue." 42 C.F.R. § 405.1889 states that a revision of a determination after reopening shall be considered "a separate and distinct determination." Therefore, the Secretary argues, the intermediary could deny Rutland's request to reopen on one issue while the cost report had been reopened on another issue since reopenings are issue-specific.

Rutland, however, responds that since the cost report had already been reopened by the intermediary when Rutland discovered the inpatient days error and requested reopening, the intermediary erred in refusing to reopen a cost report which it had already reopened for another purpose. Rutland contends that the cost report cannot be open and not open at the same time, depending on the intention of the Secretary. Arguably, this is another shade of Rutland's main position that the language of 42 U.S.C. § 1395oo (a) permits a provider to appeal any item of the cost report when the reimbursement amount is changed, regardless of whether that item was considered by the intermediary in reopening.

### The Statute

■■■ It is well-settled that if language of the statute is clear, then that "plain meaning" controls. *Bethesda Hosp. Ass'n v. Bowen,* 485 U.S. 399, 402, 108 S.Ct. 1255, 1257, 99 L.Ed.2d 460 (1988). After the intermediary reviews a provider's cost reports for Medicare services for each fiscal year, the intermediary issues a NPR. If a provider is "dissatisfied with a final determination ... as to the amount of total program reimbursement ... for the period covered by such report", the provider has 180 days to request a hearing before the PRRB on any and all

matters in the cost report. 42 U.S.C. § 1395oo (a)(3). Upon review the PRRB

> has the power to affirm, modify, or reverse a final determination of the fiscal intermediary with respect to a cost report and to make any other revisions on matters covered by such cost report (including revisions adverse to the provider of services) even though such matters were not considered by the intermediary in making such final determinations.

42 U.S.C. § 1395oo (d). Therefore, the statute affords a dissatisfied provider the right to appeal any item in the NPR within 180 days of issuance. If the provider fails to appeal within this statutory time period, the right to appeal is lost. 42 U.S.C. § 1395oo (a)(3). The statute fails to discuss whether the provider has the right to appeal any item in a cost report which has been reopened for a specific reason within the regulatory 3–year reopening period. The statute speaks only in terms of the right to appeal the NPR. It is not clear that this right to appeal any item in the cost report is equally available whenever the cost report is successively reopened and revised. To permit the provider to appeal any item in the cost report whenever the cost report is reopened for any reason would appear to eliminate any finality which is implicit in agency determinations. Therefore, I agree with the courts which have found that the "plain language" of § 1395oo does not clearly permit the preservation of full appeal rights whenever a NPR is reopened after the initial NPR has been issued. *Einstein,* at 849; *Delaware County Memorial Hospital v. Sullivan,* Civ. Action No. 90–7151, 1991 WL 125979 at *4 (E.D.Pa. June 27, 1991). Since the plain meaning of the statute is not dispositive, I look to the regulations addressing the reopening procedure which occurred in this case.

*Reopening Regulations*

 The reopening regulations state that a determination of the intermediary may be reopened "with respect to matters at issue" with three years of the last intermediary decision. 42 C.F.R. § 405.1885(a). Each revision in the amount of program reimbursement is considered "a separate and distinct determination." 42 C.F.R. § 405.1889. I find that this language is reasonably understood to mean that reopenings and revisions are issue-specific. To permit the provider to resurrect any item in the cost report when the report is reopened for a specific purpose would render the phrase "matters at issue" meaningless. Therefore, the PRRB is not required to reopen an issue at the provider's request when the right to appeal pursuant to 42 U.S.C. § 1395oo and the right to reopen pursuant to 42 C.F.R. § 405.1885(a) have expired.

*Issue–Specific Reopenings and Finality*

In *Athens Community Hospital Inc., et al. v. Schweiker,* 743 F.2d 1 (D.C.Cir.1984) (*"Athens II "*), *modifying,* 686 F.2d 989 (D.C.Cir.1982) (*"Athens I "*), the court reviewed a challenge by a provider to the PRRB's refusal to exercise its jurisdiction to review the intermediary's refusal to adjust the provider's cost report. During an otherwise timely appeal of the intermediary's initial NPR which was still pending, the hospital had sought to amend its 1973 and 1974 cost reports to include certain items it originally omitted. *Athens I,* 686 F.2d at 991–992. The intermediary considered the hospital's request as a separate request to reopen, which it denied on the merits. (It was undisputed that the claims were untimely). The hospital appealed the denial to the PRRB by including the omitted issues with the issues still pending on the original appeal, not as a *de novo* request to review the intermediary's denial. The Board ruled it had no jurisdiction to review the new claims. *Id.* at 992.

In *Athens I,* the court applied the language of 42 U.S.C. § 1395oo (d) limiting the Board's review on appeal to "matters covered by [the original] cost report" where the hospital sought reimbursement for items it had omitted from its reports covering two fiscal years. *Id.* at 995. The court upheld the Board's decision that it lacked jurisdiction over the intermediary's denial of reopening. The court ruled that where costs had not been claimed and the narrow grounds for reopen-

ing had not been met[2], the Board was precluded from hearing new claims even if the appeal was proper. *Id.* at 995–997.

In its request for a rehearing, the hospital asserted that once the cost report is before the Board for any reason, the Board had jurisdiction to consider any matters relative to the cost report even though not specifically claimed or shown. *Athens II,* 743 F.2d at 2. Upon rehearing, the court modified its earlier opinion. It interpreted 42 U.S.C. § 1395*oo* (d)

> as allowing the [Board] to revise aspects of the reimbursement calculation not actually contested by the provider, and possibly not considered by the intermediary (because not claimed for reimbursement by the provider), when such revision is necessary to accommodate other [Board] revisions of matters that were claimed by the provider, decided adversely by the intermediary, and then contested by the provider to the PRRB. The provider, however, is allowed to appeal only such adverse decisions of the intermediary.

*Id.* at 9.

In *Athens II,* the issue presented was whether the Board had jurisdiction to review decisions about a particular reimbursement when the costs had not been specifically identified as reimbursable, or even shown, on the cost report. The court held that appealed costs must have been included in the original cost report and "specifically claimed." *Id.* at 5–6. In arriving at its decision, the court also found that the reopening procedure

> reflects a system geared toward continual narrowing of the issues. Reopening is apparently issue-specific: the regulations provide that a reimbursement determination "may be reopened with respect to findings on *matters at issue* in such determination". 42 C.F.R. § 405.1885(a) (1983) (emphasis added). For a "matter" to be "at issue", the intermediary must have resolved the issue adversely to an actual claim by the provider. Moreover, if the intermediary does reopen and revise the determination with respect to matters at

issue, "such revision shall be considered a separate and distinct determination" for purposes of PRRB review. 42 C.F.R. § 405.1889 (1983). We take this to mean that only the matters revised are open to review.

*Id.* at 7–8

The *Athens II* court also found that it would be inefficient and inconsistent with the regulatory scheme to allow non-specifically raised issues to be the basis of a "final determination" by the intermediary. *Id.* at 7. Looking at the plain language of the regulation, the court determined that if specific claims were not required in the original cost report, an intermediary's denial of a reopening request "often could not be final, contrary to 42 C.F.R. § 405.1885(c) (1983) ... This, of course, would eviscerate the finality provision of the regulations." *Id.* at 7.

In *St. Mary of Nazareth Hospital Center v. Schweiker,* 741 F.2d 1447 (D.C.Cir.1984) ("*St. Mary II*"), following *Athens II,* the court ruled that when an intermediary refused to reopen a cost report on an issue unrelated to the issue it had currently reopened for, and previously omitted from the cost report altogether, the Board did not have jurisdiction to review that decision. *St. Mary II,* 741 F.2d at 1448. The court, citing *Athens I,* stated "[r]eopening is only permitted to hear new *evidence*—not new *claims.*" *Id.* at 1449 (emphasis in original).

■ The facts in this case call for analysis and reasoning similar to *Athens II* and *St. Mary II.* There is nothing which indicates Rutland offers any new evidence about a factual matter in its cost report. The only factual difference is that the matter which Rutland wishes the intermediary to consider on reopening was not omitted from the cost report initially but included with another category, thereby disqualifying it for singular consideration. Rutland characterizes its request as merely another issue to be corrected while the cost report is already reopened. In truth, it mistakenly included one claim with another and did not find it in time to appeal

---

**2.** 42 C.F.R. §§ 405.1885(a), (c); 405.1889; *See also* Medicare Intermediary Manual § 2631.2

(HIM–13).

within the statutory or regulatory periods, and seeks reimbursement for that claim now; it is asserting a fresh claim for an item it did not specifically request reimbursement for, albeit accidentally, in the original cost report. The statutory and regulatory scheme provide fair and reasonable opportunity for Rutland to correct its own mistakes. It did not do so. Reopenings are issue-specific and are permitted only when there is new evidence, not a new claim. In short, the Hospital has no credible argument that a remedy exists for its own negligence.

Because reopenings are issue-specific, the rest of the cost report is not reopened when a particular issue is reexamined. Therefore, for purposes of appeal, the "final determination" of the Hospital's reimbursement was the September 30, 1982 NPR. The Hospital's statutory right to appeal to the Board terminated one hundred-eighty days later. 42 U.S.C. § 1395oo (a). The sixty-day right to appeal the decision of the Board or the Secretary never applied since the Hospital never appealed the matter at issue. 42 U.S.C. § 1395oo (f). The three year regulatory period for requests to reopen expired in 1985, three years after the original NPR. 42 C.F.R. § 405.1885.

The regulations show the Board was correct to deny jurisdiction; therefore this court is left with nothing to review. 42 C.F.R. § 405.1885(c). Jurisdiction for reopening lies "exclusively with that administrative body that rendered the last determination or decision." *Id.* In the present case, the intermediary made the final reimbursement determination. Thus, the Board is without authority to review the intermediary's decision not to reopen. *St. Mary II,* 741 F.2d 1447; *Athens II,* 743 F.2d 1.

*Caselaw*

The cases cited by Rutland are not controlling. In *Bethesda* the provider filed a cost report but "self-disallowed" certain malpractice costs because of its reading of a Medicare regulation. 485 U.S. at 401–02, 108 S.Ct. at 1257. However, the provider timely appealed the NPR pursuant to § 1395oo and challenged the validity of the Medicare regulation which resulted in the "self-disallowance." The Court rejected the Secretary's

claim that the Board lacked jurisdiction under § 1395oo because the provider could not have been dissatisfied with a cost for which it had not sought reimbursement. The Court distinguished providers like Bethesda who do not request costs because a regulation prohibits the claim from "providers ... who fail to request from the intermediary reimbursement for all costs to which they are entitled under applicable rules." *Id.* at 404–05, 108 S.Ct. at 1258–59. Rutland's claim can be distinguished from *Bethesda* because Rutland did not file a timely claim pursuant to § 1395oo. Rutland clearly failed to request within the 180–day appeal period the costs for inpatient days to which it was entitled. Moreover, Rutland contests the meaning of the term "final determination" under § 1395oo, not the meaning of "dissatisfied" that the *Bethesda* court addressed.

Rutland also relies on *Edgewater Hosp. v. Bowen,* 857 F.2d 1123, *modified,* 866 F.2d 228 (7th Cir.1988). However, that case again involved a timely appeal of the initial NPR pursuant to § 1395oo. The provider appealed four claims which had been disallowed in the initial NPR. The intermediary reviewed the four claims but granted reimbursement for only one in a revised NPR. When the provider sought to appeal two of the disallowed claims within 180 days of the revised NPR, the PRRB stated that it did not have jurisdiction because the provider failed to appeal within 180 days of the initial NPR. 857 F.2d at 1125. The court rejected the decision of the PRRB, holding that because the provider had no notice that the claims would be disallowed until the date of the revised NPR, it would be "nonsense" to find that the provider could appeal only the item that had been changed. *Id.* at 1136. Here, Rutland's appeal rights and right to reopen the inpatient days issue expired long before its request to reopen in 1989.

*State of Oregon v. Bowen,* 854 F.2d 346 (9th Cir.1988), cited by Rutland, discussed whether the Board could review the refusal of the intermediary to reopen a cost report at the request of provider. The court found that the intermediary's refusal to reopen was a final determination of total program reimbursement pursuant to 42 U.S.C. § 1395oo

subject to review under that section. *Id.* at 349. The court also rejected the Secretary's argument that 42 C.F.R. § 405.1885(c) precluded review of the decision not to reopen, finding that the "language of section 1885(c) says nothing about reviewability; it merely vests the discretion to decide whether or not to reopen." *Id.* (rejecting the contrary conclusions of *Athens II & St. Mary II* ). However, the provider in *Oregon* requested reopening of the cost report within three years of the initial determination or NPR issued by the intermediary. *Id.* at 347 n. 2. On the other hand, Rutland did not request reopening for correction of the inpatient days error within the three-year period after the initial NPR. Therefore, the request for reopening on that issue was untimely and, as noted above, cannot be resurrected by the reopening by the intermediary on another issue.

The court in *Minnesota Hosp. Ass'n v. Bowen*, 703 F.Supp. 780 (D.Minn.1988) rejected the reasoning of *Athens II* and held that "[s]o long as the item now disputed was contained in the cost report which was reexamined and amended by the fiscal intermediary, the provider may timely file an appeal of any item after the revised NPR is presented." *Id.* at 785. The court based its conclusion on the decisions in *Bethesda* and *Edgewater* which I have found not controlling.

Finally, Rutland cites *Memorial Hospital v. Sullivan*, 779 F.Supp. 1410 (D.D.C.1991), to counter the Secretary's argument that the reopening procedure should not be used to permit the provider to avoid the finality of its failure to appeal within the 180 day period of the initial determination of the intermediary. In that case the court noted that the destruction of finality was not an issue because the provider had followed the reopening provisions by filing a request to reopen with the three year period stated in § 1885(a). *Id.* at 1412 n. 4. Rutland, however, did not seek to reopen the issue of in-patient days within three years of the initial determination of that issue by the intermediary in the initial NPR of September 30, 1982. Rutland did not seek reopening of the issue until 1989, more than six years after the initial determination of the intermediary.

### CONCLUSION

For the reasons stated above, I recommend that the Secretary's motion for summary judgment be granted and Rutland's motion for summary judgment be denied.

Dated at Burlington, in the District of Vermont, this 15 day of January, 1993.

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* Local Rules, Rules for United States Magistrate Judges, 1(D)(II)(a); 28 U.S.C. § 636(b); Fed.R.Civ.P. 72(b), 6(a) and 6(e).