MEMORIAL HOSPITAL, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Defendant.

Civ. A. No. 91–727 (CRR).

United States District Court,
D. Columbia.

Oct. 10, 1991.

Margaret Mary Manning of Weissburg and Aronson, Inc., Los Angeles, Cal., for plaintiff.

Kathleen Scully–Hayes of Dept. of Health and Human Services, with whom were Charles Bailey of Dept. of Health and Human Services, Jay B. Stephens, U.S. Atty., and John D. Bates, Asst. U.S. Atty., D.D.C., on the brief, Washington, D.C., for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Plaintiff Memorial Hospital, a participant in the Medicare program, 42 U.S.C. § 1395 *et seq.*, seeks reimbursement for certain costs of labor and delivery room services to which it is entitled as a result of recent decisions in this Circuit[1]. Plaintiff contends that the Provider Reimbursement Review Board ("PRRB") wrongfully refused to consider Plaintiff's appeal of the fiscal intermediary's refusal to reopen cost reports for the 1983–85 years. In its Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, Defendant argues that the applicable regulations preclude the PRRB from entertaining any such appeal. *See* 42 C.F.R. § 405.1885(c) (1991). Upon considering the Defendant's Motion, the Plaintiff's response thereto, the applicable law and the record herein, the Court grants the Defendant's Motion with respect to the PRRB's lack of jurisdiction over the Plaintiff's appeal and dismisses Counts I and II of the Complaint. However, for the reasons discussed herein, the Motion to Dismiss with respect to this Court's jurisdiction over the fiscal intermediary, as alleged in Count III, shall be held in abeyance pending production of the full administra-

---

1. *See St. Mary of Nazareth Hosp. Cntr. v. Schweiker,* 741 F.2d 1447 (D.C.Cir.1984); *Stormont–Vail Regional Medical Center v. Bowen,* 645 F.Supp. 1182, 1187 (D.D.C.1986). The agency implemented the ruling and increased the payments due certain health care providers un-

der the Medicare program. *See* HCFAR 87–3, 52 Fed.Reg. 13873 (April 27, 1987) (for the Sixth, Eighth, Ninth and District of Columbia Circuits, labor and delivery room days would be excluded from the total in-patient days in calculating reimbursement).

tive record before the fiscal intermediary and further briefing by the parties.

## BACKGROUND

In its cost reports for the 1983, 1984 and 1985 fiscal years, Plaintiff Memorial Hospital did not seek reimbursement from its fiscal intermediary, Blue Cross and Blue Shield of Kentucky, for certain costs of labor and delivery room services. However, in light of the new policy on labor and delivery room days [2], Plaintiff sought to reopen its cost reports for 1983, 1984 and 1985 on May 1, 1989. *See* Administrative Record at 5 (hereinafter "AR"). The fiscal intermediary denied the request to reopen on July 20, 1989. *Id.* at 7. Plaintiff then appealed to the Provider Reimbursement Review Board on July 27, 1989. *Id.* at 5. On February 5, 1991, the PRRB held that it lacked jurisdiction to consider whether the intermediary wrongly refused to reopen the cost reports for 1983–85. *Id.* at 3. Invoking 42 U.S.C. § 1395oo(f), Plaintiff filed the instant action.

Plaintiff makes essentially two claims. Primarily, Plaintiff argues that the PRRB has jurisdiction to consider an appeal of the intermediary's decision not to reopen. Alternatively, Plaintiff claims that this Court has jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1361, to direct the fiscal intermediary to reopen the cost reports. Defendant moved to dismiss, or in the alternative, for summary judgment, claiming that the PRRB did not have jurisdiction over the appeal and that the decision of the fiscal intermediary is not reviewable by this Court. Plaintiff does not directly refute the latter contention as to non-reviewability and instead argues that summary judgment is improper given deficiencies in the administrative record. Plaintiff also asks the Court to postpone decision until all appeals from common-issue related parties can be consolidated.

## ANALYSIS

**A. PLAINTIFF'S REQUEST FOR THE COURT TO DEFER CONSIDERATION OF THE INSTANT MOTION UNTIL ALL COMMON–ISSUE RELATED PROVIDERS (CIRPs) JOIN THE LAWSUIT LACKS MERIT.**

■ The plaintiff argues that this Court should defer consideration of the instant Motion because there has not been an adequate opportunity to combine appeals of common-issue related parties (CIRPs). Plaintiff asks the Court to remand this appeal to the PRRB until the Plaintiff can consolidate other common-issue related parties and file a renewed appeal. However, this request for a stay does not comport with the regulatory framework nor is it justified in light of the information presented by the Plaintiff.

The CIRP rule requires that

any appeal filed by providers that are under common ownership or control must be brought *by the providers* as a group appeal in accordance with the provisions of paragraph (a) of this section with respect to any matter involving an issue common to the providers and for which the amount in controversy is, in the aggregate, $50,000 or more....

42 C.F.R. § 405.1837(b) (1991) (emphasis added). *See also* 42 C.F.R. § 405.1841(a)(2) (same). As is plain from the regulations, those providers which are under common ownership or control bear the responsibility for merging their respective appeals. Neither the statute nor the regulations place any obligation on the agency in this regard. If anything, based upon the statutory scheme, the agency could reasonably assume that the absence of a consolidated appeal means that no common issues exist. *See* 42 C.F.R. § 405.1837(b) ("A single provider involved in a group appeal that also wishes to appeal issues that are not common to the other providers in the group

---

**2.** A Medicare provider is entitled to reimbursement for the number of Medicare patient-days multiplied by the average per diem cost for all routine services. The prior policy did not permit hospitals to include labor and delivery room costs in the total cost for routine services.

Moreover, the prior guidelines required hospitals to include labor and delivery room days in the total number of in-patient days. The new policy provides that reimbursement be determined by excluding labor and delivery room days from the total number of in-patient days.

must file a separate hearing request . . .). In short, Plaintiff wrongly places the burden of identifying and consolidating appeals from common-issue related parties on the agency. Plaintiff's proposed stay contradicts the plain language of the regulations and defies common sense; the provider is in a better position to ascertain the litigation strategy of its "parent" company than is the agency.

Moreover, Plaintiff cannot chastise the PRRB for denying its belated and unsubstantiated request to reopen the appeal for consolidation. Plaintiff filed its appeal on July 27, 1989 without naming any common-issue related providers in the suit. *See* AR at 5. Plaintiff first informed the PRRB of the existence of common-issue related parties for consolidation on February 14, 1991, *see* AR at 2, after the appeal had been dismissed for lack of jurisdiction and approximately 19 months after the Plaintiff initiated its separate appeal. *See* AR at 3 (PRRB's February 5, 1990 letter notifying Plaintiff of dismissal of appeal). Even at this late stage, Plaintiff did not name any other providers eligible for consolidation under the CIRP provisions.[3]

## B. THE PRRB DOES NOT HAVE JURISDICTION TO HEAR AN APPEAL OF THE FISCAL INTERMEDIARY'S DECISION NOT TO REOPEN

██ Plaintiff contends that the intermediary's decision not to reopen is a "final determination" as to "the amount of total

program reimbursement due the provider" subject to review by the PRRB pursuant to 42 U.S.C. § 1395oo(a)(1)(A)(i).[4] Defendant contends that the reopening process is separate and apart from the statutory appeals process and that the regulatory framework explicitly precludes review by the PRRB in these circumstances.[5] Although the Plaintiff's argument has been adopted by the Ninth Circuit[6], the Court of Appeals for this Circuit has held that the PRRB may not entertain an appeal of an intermediary's decision denying a provider's request to reopen.

In *St. Mary of Nazareth Hospital Center v. Schweiker,* 741 F.2d 1447, 1449 (D.C.Cir.1984) (hereinafter, *"St. Mary's II"*), the Court construed 42 C.F.R. § 405.-1885(c) in accord with its plain language and held that "if the intermediary has made a determination and it has not been appealed to the PRRB, then the intermediary alone decides whether to reopen." *See also Athens Community Hospital, Inc. v. Schweiker,* 743 F.2d 1, 4 n. 4 (D.C.Cir.1984) (hereinafter, *"Athens II"*) ("An intermediary decision not to reopen or to allow amendment is not reviewable.").

Plaintiff claims that *Bethesda Hospital Association v. Bowen,* 485 U.S. 399, 108 S.Ct. 1255, 99 L.Ed.2d 460 (1988), undercuts the precedential value of *St. Mary's II* and *Athens II.* While the Court will not expound on the full ramifications of *Bethesda* at this juncture, it is clear that *Bethesda* does not require the Court of Appeals to

---

**3.** The Defendant also correctly notes that the declaration of Teresa Zak does not prove that the Plaintiff pursued the consolidation of common-issue related parties in a timely fashion. *See* Declaration of Teresa Zak, *Plaintiff's Brief in Opposition to the Motion to Dismiss.* The Zak declaration does not specify when the Plaintiff notified the PRRB of the common-issue related parties, nor does the Zak declaration indicate that the unnamed common-issue related parties could be aligned with the Plaintiff for purposes of an appeal.

**4.** The statute provides, in relevant part: "Any provider of services which has filed a required cost report within the time specified in regulations may obtain a hearing with respect to such cost report by a Provider Reimbursement Review Board * * * if (1) such provider (A)(i) is

dissatisfied with a final determination of the organization serving as its fiscal intermediary . . . as to the amount of total program reimbursement due the provider for the items and services furnished. . . .; (2) the amount in controversy is $10,000 or more; and (3) such provider files a request for a hearing within 180 days after notice of the intermediary's final determination under paragraph (1)(A)(i). . . ."

**5.** Defendant primarily relies on 42 C.F.R. § 405.1885(c) (1991) which provides: "Jurisdiction for reopening a determination or decision rests exclusively with that administrative body that rendered the last determination or decision."

**6.** *See State of Oregon v. Bowen,* 854 F.2d 346 (9th Cir.1988).

rescind its interpretation of the reopening regulations. *Bethesda* allowed providers to appeal to the PRRB to consider the reimbursability of costs for which the providers had not requested reimbursement from the fiscal intermediary; the providers had "self-disallowed" these costs in accordance with statutory and regulatory reimbursement formulae in effect at the time the cost reports were filed. The Supreme Court allowed appeal to the PRRB because a review of the "plain meaning of the statute," 485 U.S. at 403, 108 S.Ct. at 1258, and the "language and design of the statute as a whole," *Id.* at 405, 108 S.Ct. at 1258, revealed that an intervening change in the law could form a legitimate basis for registering "dissatisfaction" with the intermediary's decision. The Court downplayed the provider's failure to present the disputed costs to the intermediary in the first instance due to self-disallowance because "[n]o statute or regulation expressly mandates that a challenge to the validity of a regulation be submitted first to the fiscal intermediary." *Id.* at 404, 108 S.Ct. at 1258.

Unlike *Bethesda*, the clear language of the statute and regulations answers the question posed the Plaintiff. First, 42 U.S.C. § 1395*oo* (a) contemplates *appeals* from intermediary determinations with respect to cost reports within a 180–day period. Congress does not afford the right to appeal decisions after 180 days have elapsed, and the agency's own regulations allow *reopening* within three years of the date of final decision. *Cf. Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977) (noting that the Secretary's reopening procedures for disability claims afforded even more protection than Congress deemed necessary). Thus, Plaintiff's "rights" in the reopening process are defined by the agency's regulations and not by Congressional directive.

The reopening regulations spell out the appropriate procedures. Because Plaintiff

never appealed the reimbursement award to the PRRB, the intermediary has sole discretion to reopen the decision with respect to the cost reports. *See* 42 C.F.R. § 405.1885(c) ("Jurisdiction for reopening a determination or decision rests *exclusively* with that administrative body that rendered the last determination or decision.") (emphasis added). Furthermore, the regulations specifically provide that appeals to the PRRB are available only *after* the matter is officially reopened and a determination made thereon.

> Where a revision is made in a determination or decision on the amount of program reimbursement *after such determination or decision has been reopened as provided in § 405.1885,* such revision shall be considered a separate and distinct determination or decision to which the provisions of §§ 405.1811, 405.-1835, 405.1875, and 405.1877 are applicable.

*See* 42 C.F.R. § 405.1889 (1991) (emphasis added).[7] Thus, by regulation, Plaintiff lacks a proper predicate for appeal because the intermediary did not reopen the Plaintiff's cost reports. Accordingly, the PRRB did not err when it declined to exercise jurisdiction over the Plaintiff's appeal.

### C. THE COURT MUST POSTPONE CONSIDERATION OF THE DEFENDANT'S SUMMARY JUDGMENT MOTION GIVEN THE STATE OF THE ADMINISTRATIVE RECORD.

Proceeding under the assumption that the PRRB correctly denied jurisdiction over the Plaintiff's appeal, Plaintiff alternatively asks the Court to order the intermediary to reopen the cost reports. *See Plaintiff's Complaint* at ¶ 24 (Count III). The Defendant claims that the fiscal intermediary's decision escapes judicial review under *Califano v. Sanders, supra,* and its progeny. The Plaintiff did not brief the merits of the summary judgment motion. Instead,

---

**7.** In *State of Oregon, supra,* the Ninth Circuit does not mention this provision of the regulatory scheme and relies only on 42 C.F.R. 405.-1885(c). This oversight enervates the Ninth Circuit's conclusion that "the Board has not been disqualified from deciding whether the fiscal intermediary abused its discretion by refusing to reopen the determination." *State of Oregon, supra,* 854 F.2d at 349.

Plaintiff contends that the Court should order production of the full administrative record before considering the summary judgment motion. Upon further review, the Court concludes that the Defendant should file with the Court and serve upon the Plaintiff the full administrative record before the fiscal intermediary and then the parties should brief the merits of the Defendant's summary judgment motion with respect to Count III of the Complaint.[8]

Count Three of Plaintiff's complaint squarely places before the Court the intermediary's underlying decision not to reopen the cost reports.[9] As such, the Defendant should have included all material considered by the intermediary in the administrative record. *See, e.g., Camp v. Pitts,* 411 U.S. 138, 141, 93 S.Ct. 1241, 1243, 36 L.Ed.2d 106 (1973) (citing *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971)); *Walter O. Boswell Memorial Hosp. v. Heckler,* 749 F.2d 788 (D.C.Cir.1984). Once this information is presented before the Court, the Court can determine whether it may review the intermediary's decision pursuant to 28 U.S.C. §§ 1331 and 1361, and also the Court can then determine, on the basis of the record before the agency at the time the decision was made, whether reopening is appropriate.

## CONCLUSION

Because the PRRB does not have jurisdiction to consider an appeal of a fiscal intermediary's decision not to reopen, the Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, is granted as to Counts I and II of the Complaint. However, the Court cannot consider the Defendant's Motion with respect to Count III of the Complaint because the full administrative record is not before the Court. Thus, the Defendant shall file the record before the fiscal intermediary and the parties shall then brief the Motion, in a manner consistent with the foregoing Opinion, with respect to Count III.

---

8. Defendant contends that the motion for summary judgment should be deemed conceded pursuant to Local Rule 108(b). The Court cannot accept this proposition. The Plaintiff did not concede, but focused on the administrative record issue. Although the better practice would have been for Plaintiff to brief whether, as a matter of law, 28 U.S.C. §§ 1331 and 1361 affords jurisdiction to review the fiscal intermediary's decision not to reopen, this Court cannot find that Plaintiff acted in bad faith by interposing its administrative record claims instead.

More importantly, this Circuit favors resolution on the merits rather than dismissal for failure to respond in a timely manner. *See Jackson v. Beech,* 636 F.2d 831, 835 (D.C.Cir.1980).

9. The Court notes that the Plaintiff has contradicted itself, or, put charitably, clouded the issue, by claiming that only the PRRB jurisdiction is at issue here. *See Plaintiff's Supplemental Brief in Opposition to the Defendant's Motion to Dismiss,* filed July 11, 1991, at 3–4.